IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSA DITUCCI, et al.,<br><br>　　　　Plaintiffs,<br>v.<br><br>CHRISTOPHER J. ASHBY, et al.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:19-cv-00277-TC-PMW<br><br>District Judge Tena Campbell<br>Chief Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs'[2] motion for Rule 11 sanctions.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

On November 20, 2019, Defendants Greg DeSalvo and Belle Isle Enterprises, LLC (collectively, "Defendants") filed a motion to dismiss Plaintiffs' second amended complaint.[4] The day after, Plaintiffs' counsel emailed Defendants' counsel requesting that Defendants

---

[1] *See* ECF no. 65.
[2] The Plaintiffs are Rosa DiTucci, Steven R. LaRoza, Debra A. LaRoza, Bruce I. Rose, Maureen A. Rose, Russell E. Hertrich, the Russel E. Hertrich Revocable Trust, Sanford Roberts, the Sanford Roberts Revocable Trust, Helaine B. Roberts, the Helaine B. Roberts Revocable Trust, Fred Jacob, the Fred Jacob Living Trust, Edward A. Hennessey, the Edward A. Henessey 2001 Revocable Living Trust, CAMAC, Inc., Blush Property, LLC, Linda Camp, and Bryan Merklin (collectively, "Plaintiffs").
[3] *See* ECF no. 145.
[4] *See* ECF no. 139.

withdraw the motion to dismiss because Plaintiffs' counsel believed Defendants' arguments were "without support in law and fact."[5] In the email, Plaintiffs' counsel briefly explained their position for why they believed the motion to dismiss was unfounded. In a lengthy response, Defendants' counsel explained why they disagreed with Plaintiffs' assessment and described the various flaws that, in Defendants' opinion, were fatal to the second amended complaint.[6] After Defendants' counsel declined to withdraw the motion to dismiss, Plaintiffs' counsel filed the instant motion for Rule 11 sanctions on December 19, 2019.

On March 16, 2020, the court ruled on Defendants' motion to dismiss along with Defendants John Hamrick, Chris Brown, and Edmund and Wheeler, Inc.'s (collectively, "E&W Defendants") motion to dismiss.[7] Although the motions were not identical, the court chose to address the motions together because the motions raised many similar arguments.[8] The court denied both motions to dismiss except for E&W Defendants' motion to dismiss regarding the tenth and seventeenth causes of action.

## DISCUSSION

The standard of review for imposition of Rule 11 sanctions is abuse of discretion, both in the awarding of sanctions and in the failure to award sanctions. *See Burkhart v. Kinsley Bank,* 852 F.2d 512 (10th Cir. 1988); *Adamson v. Bowen,* 855 F.2d 688 (10th Cir. 1988). The standard by which courts in the Tenth Circuit are to evaluate an attorney's conduct is objective reasonableness. *See White v. General Motors Corp.,* 908 F.2d 675, 680 (10th Cir. 1990); *Adamson,* 855 F.2d at 673. "A good faith belief in the merit of an argument is not sufficient; the

---

[5] ECF no. 148-2.
[6] *See* ECF no. 148-5.
[7] *See* ECF no. 155.
[8] *See id*. at 1.

attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *White,* 908 F.2d at 680.

Defendants have set forth several reasons justifying their motion to dismiss. Upon review of the parties' briefs, the motion to dismiss, and the court's order denying the motion to dismiss, the court cannot say the Defendants' arguments do not meet the "objective reasonableness" test. Although the court did not rule in favor of the Defendants, Defendants arguments were colorable and well-reasoned. Indeed, E&W Defendants made similar arguments independent of Defendants in their own motion to dismiss. In that regard, the court cannot conclude the arguments made were without merit. Therefore, Plaintiffs' motion for sanctions is denied. The court also declines to award attorneys' fees to Defendants.

## ORDER

Based on the foregoing, Plaintiffs' motion for Rule 11 sanctions[9] is **DENIED**. Additionally, Defendants' request for attorneys' fees incurred in opposing the motion is **DENIED**.

**IT IS SO ORDERED**.

DATED this 18th day of May, 2020.

BY THE COURT:

_____
Paul M. Warner
Chief United States Magistrate Judge

---

[9] *See* ECF no. 145.