Wesley D. Felix (Utah Bar No. 6539)
Brenda E. Weinberg (Utah Bar No. 16187)
FELIX WEINBERG PLLC
68 South Main Street, Suite 800
Salt Lake City, Utah 84101
Tel: (801) 441-0439
wfelix@felixweinberg.com
bweinberg@felixweinberg.com
*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSA DiTUCCI, an individual; STEVEN R. LaROZA, an individual; DEBRA A. LaROZA, an individual; BRUCE I. ROSE, an individual; MAUREEN A. ROSE, an individual; SANFORD ROBERTS, an individual; HELAINE B. ROBERTS, an individual; RUSSELL E. HERTRICH, an individual; FRED JACOB, an individual; EDWARD A. HENNESSEY, an individual; RUSSELL E. HERTRICH REVOCABLE TRUST; SANFORD ROBERTS REVOCABLE TRUST;HELAINE B. ROBERTS REVOCABLE TRUST; THE FRED JACOB LIVING TRUST; EDWARD A. HENNESSEY 2001 REVOCABLE LIVING TRUST; CAMAC, INC., a Kansas corporation; and BLUSH PROPERTY, LLC., a Florida limited liability company;<br><br>*Plaintiffs*,<br><br>vs.<br><br>CHRISTOPHER J. ASHBY, an individual; JOHN D. HAMRICK, an individual; JORDAN S. NELSON, an individual; SCOTT W. BEYNON, an individual; WILLIAM BOWSER, an | **MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT BOWSER SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER [ECF NO. 196]**<br><br>Case No. 2:19-cv-00277<br><br>The Honorable Judge Tina Campbell<br>Magistrate Judge Jared C. Bennett |

1

individual; SCOTT RUTHERFORD, an individual; ROCKWELL DEBT FREE PROPERTIES, INC., a Utah Corporation; ROCKWELL TIC, INC., a Utah Corporation; NOAH CORPORATION, a Utah corporation; EDMUND AND WHEELER, a New Hampshire corporation; ROCKWELL INDIANAPOLIS, LLC, a Utah limited liability company; GABRIEL MANAGEMENT CORPORATION, a Utah corporation; KIRSTEN PARKIN, an individual; FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation; JOHN DOES I-X, and ROE CORPORATIONS I-X,

*Defendants.*

Plaintiffs Rosa DiTucci, et al., through counsel, pursuant to Fed. R. Civ. P. 37(a)(3), Fed. R. Civ. P. 37(e), Fed. R. Civ. P. 34(a), and D.U.Civ.R. 37-1(a), hereby move the Court for an order:

1) Holding Mr. Bowser in contempt;
2) Entering sanctions against Mr. Bowser consisting of default judgment against him; and
3) Granting Plaintiffs an award of reasonable expenses in connection with their Motion to Compel and this Motion for Order to Show Cause.

## STATEMENT OF FACTS

1.     On June 24, 2019, the Court issued a prejudgment writ of attachment on various assets of Mr. Bowser and found, among other things, that there is a substantial likelihood that the plaintiffs will prevail on the merits of the underlying claim and that Plaintiffs have established probable cause of losing the remedy unless the court issues the writ.[1] Mr. Bowser appealed the

---

[1] ECF No. 46.

prejudgment writ, and a decision is pending.

     2.      On May 1, 2020, Plaintiffs served discovery requests on Mr. Bowser.

     3.      On June 5, 2020, Mr. Bowser served his Initial Disclosures.[2]

     4.      On June 12, 2020, while still represented by counsel, Mr. Bowser served responses to the discovery requests, which have been deemed inadequate by this Court.[3]

     5.      On July 8, 2020, counsel for Plaintiffs, Wes Felix, sent a meet and confer letter to counsel for Mr. Bowser.[4]

     6.      On July 13, 2020, Mr. Felix inquired about the meet and confer letter, to which Mr. Bowser's counsel confirmed that the letter had been conveyed to Mr. Bowser.[5]

     7.      On July 17, 2020, Mr. Bowser's counsel withdrew, initiating the 21-day stay period pursuant to Fed. R. Civ. P. 74(c).[6]

     8.      On August 10, 2020, Mr. Felix sent Mr. Bowser the meet and confer letter.[7]

     9.      On August 12, 2020, Mr. Felix emailed Mr. Bowser and stated that Plaintiffs intended to move for entry of default if substantive responses to discovery requests were not received within seven days.[8]

     10.      On August 17, 2020, Mr. Felix emailed Mr. Bowser and stated that Plaintiffs intended to file a motion to compel and for sanctions if he failed to respond.[9]

     11.      On August 26, 2020 from 8:00 a.m. to 10:00 a.m., Defendant Bowser met in

---

[2] Exhibit 1.
[3] *See* ECF No. 191-2.
[4] ECF No. 191-1.
[5] Exhibit 2.
[6] ECF No. 181.
[7] ECF No. 191-1.
[8] Exhibit 3.
[9] Exhibit 4.

person with Brenda Weinberg, counsel for Plaintiffs, in an attempt to resolve issues with respect to discovery responses.

12.   On August 26, 2020, Plaintiffs filed their Motion to Compel Inspection of Defendant's iPad and iCloud and Responses to Discovery ("Motion to Compel").[10]

13.   Mr. Bowser did not respond timely to the Motion to Compel.

14.   The Court's staff attempted to contact Mr. Bowser, who is proceeding pro se, by phone on two occasions regarding the Motion to Compel but was unable to reach him. The court also gave Mr. Bowser additional time to respond to the motion in light of his pro se status to provide him ample opportunity to be heard.[11]

15.   On September 11, 2020, the Court granted Plaintiffs' Motion to Compel in part and ordered Mr. Bowser to provide full and complete written responses to the Discovery Requests no later than September 24, 2020 ("Order").[12] The Court also instructed Plaintiffs to notify the Court by filing an appropriate motion should Mr. Bowser fail to timely comply with this Order, and further stated that "the court will proceed to impose sanctions pursuant to Fed. R. Civ. P. 37(b)(2) which may include, inter alia, recommending that Judge Campbell enter default judgment against Mr. Bowser."[13]

16.   The Court also ordered Mr. Bowser to submit a brief regarding an award of expenses within 14 days of that Order, which would have been due on September 25, 2020. The Order stated that "[f]ailure to do so will result in a default award of expenses against Mr. Bowser in favor of Plaintiffs."[14]

---

[10] ECF No. 191.
[11] ECF No. 196, fn. 3.
[12] ECF No. 196 at 5.
[13] ECF No. 196, at 3, fn. 7.
[14] ECF No. 196 at 4-5.

17.     The Order directed the Clerk of the Court to send the Order to Mr. Bowser through certified mail with a return receipt to the address on file with the court.[15]

18.     On September 23, 2020, Mr. Bowser filed a response to the Court's Order ("Response"). The Response requested that the Court consider it his opposition to the Motion to Compel and argued that "documents as related to discovery request have been delivered" and "responses to discovery requests have been submitted."[16]

19.     Mr. Bowser also argued that he should not be sanctioned because he did not receive proper notice with regard to the Motion to Compel.[17]

20.     In his Response, Mr. Bowser made multiple references to Plaintiffs' Motion to Compel, indicating that he read it before filing the Response.

21.     Mr. Bowser did not submit a brief regarding an award of expenses within 14 days of the Order.

22.     On October 22, 2020, Mr. Felix contacted Mr. Bowser via telephone and email regarding compliance with the Order. Mr. Felix sent Mr. Bowser a copy of the Order via email and requested confirmation that Mr. Bowser refused to comply with the Court's Order.

23.     On October 23, 2020, Mr. Bowser provided supplemental responses to discovery, which remain incomplete.[18]

24.     On October 25, 2020, Mr. Felix again explained to Mr. Bowser that his supplementation was unresponsive in the same way that his initial responses were, and thus

---

[15] *Id*.
[16] ECF No. 201.
[17] Counsel for Plaintiffs believed that Mr. Bowser received court filings via email, as his email was provided on his prior counsel's Motion to Withdraw and Mr. Bowser's Notice of Appearance. ECF Nos. 180 at 2 and 184.
[18] Exhibit 5.

violative of the Order:

> You cannot simply refuse to identify those payments made by Rockwell or Rockwell entities to you, Walby or other entities controlled by you. You must identify your bank accounts by number etc. In addition, some answers are obviously false; e.g., we know that you were sued by Krishnamurthy and you have not listed that lawsuit as litigation in which you were a party. Similarly, it is simply not credible that you had no agreement with Rockwell. Finally, you cannot just reference documents in the possession of the Trustee and claim your document obligations are satisfied.[19]

25.     Later that day, Mr. Bowser responded by suggesting that he search through the documents and SEC file provided on August 26, 2020, and further suggested that it was the bankruptcy trustee's responsibility to provide the requested documents.[20] Mr. Bowser has not addressed Plaintiffs' concerns, and has not supplemented the October 23, 2020 responses.

## **ARGUMENT**

### I.     **Mr. Bowser should be held in contempt for failure to comply with the Court's Order.**

For the Court to hold Mr. Bowser in civil contempt, Plaintiffs must show "by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (simplified). Disobedience of an order need not be "willful" to constitute civil contempt. *See ClearOne Communications, Inc. v. Chiang*, 670 F.Supp.2d 1248, 1282 (D. Utah 2009).

There should be no dispute that a valid order existed. Mr. Bowser had knowledge of the Order, as the Court directed the Clerk of the Court to send that Order to Mr. Bowser through

---

[19] Exhibit 6.
[20] Exhibit 7.

certified mail with a return receipt to the address on file with the court. Mr. Bowser also specifically referenced the Order in the first sentence of his Response.[21]

Lastly, Mr. Bowser disobeyed the order. Even if the Court grants Mr. Bowser's request and considers his Response filed on September 23, 2020 as an opposition to the Motion to Compel, Mr. Bowser has still failed to provide full and complete written responses to the Discovery Requests. The Court ordered Mr. Bowser to provide full and complete written responses no later than September 24, 2020. Plaintiffs allowed another four weeks to lapse with no supplementation or responses to the Discovery Requests. Finally, on October 22, 2020, Plaintiffs contacted Mr. Bowser and graciously gave him another day to respond. Mr. Bowser remains defiant, however, and continues to disobey the Order by failing to provide full and complete written responses to the Discovery Requests.

Mr. Bowser's supplemental responses continue to defy the Order, as he has not provided full and complete written responses. Interrogatory Nos. 2, 7-9, 11-12, 14 were supplemented, but the remaining eight interrogatories remain incomplete. Mr. Bowser still declines to respond to Request for Production Nos. 1-5, 8, and 10-17, and has not produced or identified documents responsive to Request for Production Nos. 6-7, and 9.

Mr. Bowser has not responded whatsoever to eight interrogatories. The supplemental response to Interrogatory No. 2 fails to describe the information that was deleted from his iPad and iCloud account, which Plaintiffs identified as deleted.[22] Interrogatory No. 14 remains incomplete, as bank accounts are not properly identified; it remains unclear whether these bank accounts are in the name of Mr. Bowser, Noah, or Gabriel or their account numbers.

---

[21] "Defendant William Bowser ('Bowser'), hereby responds to the order dated 9/11/2020." ECF No. 201 at 1.
[22] ECF No. 191.

As outlined in the Motion to Compel, the 1.3 GB of documents retrieved from Mr. Bowser's iPad were sparse and incomplete. In comparison, other defendants in this case have produced in excess of 100,000 documents, which amount to over 14 GB of data. Mr. Bowser still declines to respond to Request for Production Nos. 1-5, 8, and 10-17, and has not produced or identified documents responsive to Request for Production Nos. 6-7, and 9.

Request for Production No. 2 requests all documents provided to the Securities and Exchange Commission or any other state or federal governmental entity, and Mr. Bowser claims to have provided them at the August 26 meeting with Plaintiffs' counsel. None of these documents are Bates-stamped, and Mr. Bowser's SEC file also only consists of 827 pages; the documents produced to the SEC by other defendants, on the other hand, have been Bates-stamped and amount to over 100,000 pages.[23] There is one partial statement from Mr. Bowser's Utah Community Credit Union account from December 2018, which shows disbursements of $140,000.00 but no other documentation regarding that account.

Mr. Bowser's additionally declines to respond to Request for Production No. 4, which requests all documents reflecting the disbursement or expenditure of funds paid by Rockwell to Noah, Gabriel or you for the sale of the Carmel Property. Mr. Bowser's similarly declines to respond to Request for Production No. 5, which requests all documents reflecting money paid for development work on the Carmel Property by Noah, Gabriel or you including permitting and construction. The case simply cannot proceed without these documents, as this is the core issue of the case – Mr. Bowser's commingling of funds among himself, his family members, and his entities, conspiracy with Rockwell, and misappropriation of funds that should have been used to construct a building on the Carmel Property.

---

[23] Exhibit 8 – SEC Folder Index.

Mr. Bowser served his Initial Disclosures on June 5, 2020 – a month and a half before

Mr. Bowser's counsel withdrew – and no documents were provided at that time.[24] Importantly,

Mr. Bowser identified "Mr. Bowser's bank statements and other financial information, including

compensation records and tax returns;" "[i]nformation regarding Mr. Bowser's construction of

his prior home, the sale of that home, and the purchase of his new home;" and "[d]ocuments

pertaining to the operations of Walby, as well as funding and compensation received by Walby"

as located in the "[p]ossession of Mr. Bowser."

**II.      Copies, or Description by Category and Location, of Documents (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

Defendants disclose the following categories of documents with locations, if known:

| CATEGORY OF DOCUMENTS | LOCATION (IF KNOWN) |
|---|---|
| Documents pertaining to the operations of Noah Corporation ("Noah"), including financial documents, accounting records (as well as native accounting records), and emails utilizing Noah-related domains | Because Noah is a Chapter 7 debtor, and because a trustee has been appointed for Noah, all Noah-related documents are in the custody and control of Jones, Noah's Chapter 7 trustee. |
| Mr. Bowser's bank statements and other financial information, including compensation records and tax returns | Possession of Mr. Bowser |
| Information regarding Mr. Bowser's construction of his prior home, the sale of that home, and the purchase of his new home | Possession of Mr. Bowser |
| Documents pertaining to the operations of Walby, as well as funding and compensation received by Walby | Possession of Ms. Bowser |
| Documents pertaining to communications to Plaintiffs by Rockwell, Belle Isle, and/or Edmund & Wheeler | Possession of Rockwell, Belle Isle, and Edmund & Wheeler |

[25]

Plaintiffs cannot obtain these documents from any other source, and Mr. Bowser specifically

identified them in his Initial Disclosures as documents which he was obligated to produce in this

litigation. Mr. Bowser has been aware of these deficiencies since at least July 14, 2020, when his

counsel confirmed that the meet and confer letter had been conveyed to him. Still, Mr. Bowser

---

[24] Exhibit 1.

[25] *Id.*

refuses to produce documents, respond to interrogatories, engage in discovery, and comply with this Court's explicit Order.

These responses and other discovery obligations remain incomplete, which violates the Order and merits and finding of contempt against Mr. Bowser. Contempt sanctions alone are insufficient, however.

## II.   The Court should sanction Mr. Bowser, strike his answer, and enter default judgment against him.

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to "strik[e] pleadings in whole or in part" or "render[] a default judgment against the disobedient party" "[i]f a party . . . fails to obey an order to provide or permit discovery." Courts are required to consider a number of factors when choosing the proper sanction, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Since May 1, 2020, Plaintiffs have been attempting to engage meaningfully in discovery with Mr. Bowser and have gotten nowhere despite multiple attempts to resolve these disputes, including an order compelling Mr. Bowser to comply with discovery obligations. Plaintiffs should not be prejudiced by Mr. Bowser's willful disobedience. Considering the factors listed above, an order of default judgment is necessary and appropriate in this case. Because of Mr. Bowser's continual and willful disregard of this Court's Orders, an order entering default judgment is the only viable option before the Court.

First, Plaintiffs have been prejudiced by Mr. Bowser's actions. Because of Mr. Bowser's failure to comply with Plaintiffs' discovery requests, as ordered by the Court, Plaintiffs have

been unable to adequately conduct discovery and have been unable to fully address Mr. Bowser's claims and defenses. After over a year and a half of litigation, Plaintiffs have still not received any meaningful discovery items from Mr. Bowser. Because of these repeated failures, Plaintiffs have been significantly prejudiced.

Second, Mr. Bowser has interfered with the judicial process. Mr. Bowser has repeatedly failed to comply with this Court's orders as well as Plaintiffs' discovery requests. Mr. Bowser has shown great disrespect for the judicial process by failing to comply. Mr. Bowser's behavior clearly demonstrates that there is nothing the Court can do, short of entering default judgment against him, which would force him into compliance. Mr. Bowser has been given every opportunity to comply and has failed to do so. Therefore, default is the only viable option remaining.

Third, Mr. Bowser is extremely culpable. Plaintiffs and the Court have given Mr. Bowser every opportunity to comply, and he has repeatedly failed to do so. Mr. Bowser failed to respond to the Court's Order regarding fees and failed to explain why he has not provided Plaintiffs with the requested discovery items. Mr. Bowser's actions are both willful and intentional, and his behavior shows he is extremely culpable.

Fourth, the Court has put Mr. Bowser on notice that failure to comply with its Orders would result in sanctions, up to and including default judgment being entered. The Order instructed Plaintiffs to promptly notify the Court if Mr. Bowser did not comply with the Order, further putting him on notice that he would face sanctions if he did not comply. The Court also warned Mr. Bowser that "the court will proceed to impose sanctions…which may include, *inter alia*, recommending that Judge Campbell enter default judgment against Mr. Bowser."[26] Before

---

[26] ECF No. 196 at 3.

filing the Motion to Compel, Plaintiffs warned Mr. Bowser on multiple occasions that default sanctions would be sought if he did not provide full and complete written responses to the Discovery Requests. The Court then warned Mr. Bowser that default may be entered against him for failure to comply. Therefore, Mr. Bowser has been on notice that default judgment was a possibility.

Finally, lesser sanctions would not achieve anything and have already been attempted here. Mr. Bowser has continually failed to comply with discovery obligations and the Court's orders. As noted, the Court has given Mr. Bowser ample opportunity to comply without facing sanctions and Mr. Bowser has continually failed to do so. Nothing short of default will work in this situation. If the Court were to merely hold Mr. Bowser in contempt and order monetary penalties, Plaintiffs are convinced that Mr. Bowser would ignore those sanctions, just as he has ignored the Court's previous orders, and continue to impede discovery and the resolution of this case. Therefore, the Court should hold Mr. Bowser in civil contempt, and strike his answer and enter default judgment against him.

### III.   The Court should award reasonable expenses to Plaintiffs in connection with their Motion to Compel and This Motion for Order to Show Cause.

Under Rule 37, if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court is not required to make such an award if, among other reasons, "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." *Id*. 37(a)(5)(A)(ii), (iii). To determine whether the court should award expenses for Plaintiffs' motion, the Court ordered Mr. Bowser to file a brief within 14 days of this Order addressing whether his failure to respond

to Plaintiffs' motion to compel was substantially justified and/or whether there are other circumstances that make an award unjust. Mr. Bowser's brief shall not exceed 5 pages including the caption, introduction, factual background, and legal argument. Failure to do so will result in a default award of expenses against Mr. Bowser in favor of Plaintiffs.

## **<u>CONCLUSION</u>**

Considering the foregoing, the Court should issue an order:

1) Holding Mr. Bowser in contempt;
2) Entering sanctions against Mr. Bowser consisting of default judgment against him; and
3) Granting Plaintiffs an award of reasonable expenses in connection with their Motion to Compel and this Motion for Order to Show Cause.

Dated October 28, 2020.

FELIX WEINBERG PLLC

/s/ Brenda E. Weinberg
Brenda E. Weinberg
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2020, I caused to be served via email a true and correct copy of the attached and foregoing **MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT BOWSER SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER [ECF NO. 196]** upon the following:

William Bowser
55 West South Temple, Unit 404
Salt Lake City, UT 84101
w.bowser1985@gmail.com

Gabriel Management Corporation
55 West South Temple, Unit 404
Salt Lake City, UT 84101
w.bowser1985@gmail.com

Jonathan O. Hafen
Chad S. Pehrson
Royce B. Covington
Sara M. Nielson
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, UT 84111
jhafen@parrbrown.com
cpehrson@parrbrown.com
snielson@parrbrown.com
*Attorneys for Rockwell TIC, Inc.,*
*Rockwell Debt Free Properties, Inc.,*
*Christopher Ashby, Jordan Nelson,*
*and Scott Beynon*

Scott D. Sweeney
WILSON ELSER MOSKOWITZ
ELDEMAN & DICKER LLP
1225 17th Street, Suite 2750
Denver, CO 80202
scott.sweeney@wilsonelser.com
*Attorney for John Hamrick, Chris*
*Brown, and Edmund & Wheeler*

David L. Mortensen
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
david.mortensen@stoel.com
*Attorney for Scott Rutherford*

Erik A. Christiansen
Jeffrey C. Corey
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
EChristiansen@parsonsbehle.com
JCorey@parsonsbehle.com
*Attorneys for First American Title*
*Insurance Company and Kirsten*
*Parkin*

Sonia R. Martin
Douglas W. Henkin
Joel D. Siegel
Cody N. Wood
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
sonia.martin@dentons.com
douglas.henkin@dentons.com
joel.siegel@dentons.com
cody.n.wood@dentons.com
*Attorneys for First American Title*
*Insurance Company and Kirsten*
*Parkin*

/s/ Megan Murri