# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ROSA DITUCCI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. ASHBY, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00277-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

District Judge Tena Campbell referred this motion to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiffs' "Motion for Order to Show Cause for Why Defendant William Bowser Should Not Be Held in Contempt for Failure to Comply With Discovery Order" ("Motion").[2] A hearing was held on January 8, 2021.[3] Counsel appeared on behalf of Defendants and Mr. Bowser appeared pro se. For the reasons shown below, the court recommends that Mr. Bowser be held in contempt and that sanctions be imposed to compel future compliance with the court's September 11, 2020 order.

## FINDINGS OF FACT

In connection with the Order to Show Cause and in support of this court's recommendation that Mr. Bowser be held in contempt, the court certifies the following facts in accordance with 28 U.S.C. § 636(e)(6)(B):

---

[1] ECF No. 214.
[2] ECF No. 208.
[3] ECF No. 217.

1. On May 1, 2020, Plaintiff served Mr. Bowser with Plaintiffs' First Set of Discovery Requests.[4]

2. On June 5, 2020, Mr. Bowser provided Plaintiffs with his Rule 26 Initial Disclosures.[5]

3. On June 12, 2020, Mr. Bowser's counsel, Mr. Brough, responded to Plaintiffs' First Set of Discovery Requests.[6]

4. On July 8, 2020, Plaintiffs sent Mr. Brough a letter outlining the deficiencies with Mr. Bowser's discovery responses.[7]

5. On July 14, 2020, Mr. Brough responded to Plaintiffs' letter via email informing Plaintiffs that Mr. Bowser had been made aware of the issues with his discovery responses and that Mr. Brough would be withdrawing as counsel.[8]

6. On July 17, 2020, Mr. Brough withdrew as counsel to Mr. Bowser.[9] Pursuant to DUCivR 83-1.4(e)(1), proceedings were stayed with respect to Mr. Bowser for a period of 21 days for Mr. Bowser to obtain new counsel or file a notice of pro se appearance.[10]

7. The 21-day stay automatically lifted on August 7, 2020.

8. On August 10, 2020, Plaintiffs sent a letter outlining discovery issues to Mr. Bowser.[11] Mr. Bowser did not respond.

---

[4] ECF No. 191-2.
[5] ECF No. 208-1.
[6] ECF No. 191-2.
[7] ECF No. 191-1.
[8] ECF Nos. 208-2.
[9] ECF No. 181.
[10] *Id.*
[11] ECF Nos. 208 at ¶ 8, 191-1.

9. On August 12, 2020, Plaintiffs sent an email to Mr. Bowser again requesting responses to the discovery requests and notifying him that Plaintiffs intended to move for entry of default judgment if Mr. Bowser failed to respond within 7 days.[12]

10. On August 14, 2020, Mr. Bowser filed his notice of pro se appearance and directed service to be sent to his email.[13]

11. On August 17, 2020, Plaintiffs emailed Mr. Bowser informing him they intended to file a motion to compel and requested a meet and confer.[14]

12. On August 20, 2020, Mr. Bowser responded via email, from w.bowser1985@gmail.com, to Plaintiffs stating that he believed the discovery responses were appropriate but nonetheless filed updated discovery responses with the court on August 18, 2020.[15] No such responses were filed with the court.

13. Mr. Bowser agreed to a meet and confer.[16]

14. On August 26, 2020, Mr. Bowser and Plaintiffs' counsel met to discuss the discovery issues.[17] The parties were unable to resolve the issues, and Plaintiffs filed the motion to compel.[18] The motion was served on Mr. Bowser via email at w.bowser1985@gmail.com.[19]

15. Mr. Bowser did not respond to email or the motion to compel.

16. Before ruling on the unopposed motion to compel, a court staff member attempted to contact Mr. Bowser via phone on two occasions regarding the motion to compel but was

---

[12] ECF No. 208-3.
[13] ECF No. 184.
[14] ECF No. 208-4.
[15] *Id*.
[16] *Id*.
[17] ECF No. 191.
[18] *Id*.
[19] *Id*.

unable to reach him. The court also gave Mr. Bowser additional time to respond to the motion because of his pro se status.[20]

17. The court granted Plaintiffs' motion to compel on September 11, 2020 and ordered Mr. Bowser to: (a) provide full and complete written responses to the discovery requests no later than September 24, 2020; and (b) show cause why he should not be required to pay Plaintiffs' reasonable expenses incurred in bringing the motion to compel within 14 days of the order. The Clerk of the Court served the September 11, 2020 order on Mr. Bowser via certified mail.[21]

18. The court's September 11, 2020 order also instructed Plaintiffs to promptly file a motion if Mr. Browser failed to comply.[22]

19. Mr. Bowser received the order on September 14, 2020.[23]

20. On September 23, 2020, Mr. Bowser filed a response to the discovery order stating that he had provided the discovery responses.[24] He also denied receiving service of the motion to compel. However, the record demonstrates that Mr. Bowser had knowledge of the unresolved discovery issues, that opposing counsel would file a motion to compel, two unrequited calls from the court after the motion was filed, and service of the motion to Mr. Bowser's email address on file with the court.[25] Accordingly, to the extent that Mr. Bowser claims he was unaware of motion to compel or failed to receive service, his claims are unsupported in the record.

---

[20] ECF No. 196 at 1 n.3.
[21] ECF No. 196.
[22] *Id*. at 3 n.7.
[23] ECF No. 196-1.
[24] ECF No. 201.
[25] ECF Nos. 191 at 5, 184.

21. On October 22, 2020, Plaintiffs' counsel called Mr. Bowser, sent him an email regarding his noncompliance with the discovery order, and requested confirmation that Mr. Bowser intended to continue to not comply with the court's order.[26]

22. On October 25, 2020, Plaintiffs' counsel emailed Mr. Bowser to notify him that the supplemental responses suffered from the same deficiencies previously discussed and again requested that he correct the deficiencies and comply with the court's order.[27]

22. On October 23, 2020, Mr. Bowser provided supplemental responses to Plaintiffs; however, the responses were again incomplete and did not fully comply with the court's order.[28] That same day, Mr. Bowser refused to supplement his responses and directed Plaintiffs' counsel to work with the bankruptcy trustee to obtain the documents responsive to the requests.[29]

23. On October 28, 2020, having not received the discovery responses as ordered from Mr. Bowser, Plaintiffs filed the instant Motion for Order to Show Cause.[30] In the Motion, Plaintiffs asked the court to enter an order directing Mr. Bowser to appear before the court and show why: (a) he should not be adjudged in contempt; (b) the court should not issue an order imposing sanctions against Mr. Bowser; (c) Plaintiffs should not be awarded fees and costs incurred in bringing the motion to compel and the order to show cause; and (d) the court should not enter a default judgment against Mr. Bowser.[31]

---

[26] ECF No. 208-6.
[27] *Id*.
[28] ECF No. 208-5.
[29] ECF No. 208-7.
[30] ECF No. 208.
[31] *Id*. at 13.

24. On January 8, 2021, the court held the show cause hearing. Plaintiffs appeared through their counsel, and Mr. Bowser appeared pro se.[32]

25. At the hearing, Plaintiffs' counsel indicated that he received some documents responsive to Plaintiffs' discovery requests, but Mr. Bowser still has not responded whatsoever to eight interrogatories and seventeen requests for production ("RFP").

26. Mr. Bowser responded that most of the items and information Plaintiffs requested do not exist, are not in his possession, and can be obtained through the trustee instead of through him.

27. When questioned by the court regarding documents and information responsive to each discovery request, Mr. Bowser indicated that responsive documents and information did in fact exist but that he had simply not understood the questions asked until that moment. Mr. Bowser also admitted he had not made reasonable efforts to obtain responsive information because he did not think he had to based on advice from counsel regarding his bankruptcy estate. Mr. Bowser also expressed some concern about the relevance and proportionality of some of the requests.

28. After a brief discussion about the written discovery requests, and the relevance and proportionality of those requests, the court reminded Mr. Bowser that because he failed to respond to the discovery requests and to the motion to compel, he waived any argument or objections to the discovery requests and had been ordered by the court to produce what was requested.

---

[32] ECF No. 217.

29. The court also reminded Mr. Bowser that the show-cause hearing was the forum for Mr. Bowser to come forward and explain his failure to produce the items as ordered.

30. The court then informed Mr. Bowser that by virtue of his failure to respond timely to the motion to compel and the discovery requests, and by coming to court having not fully complied with the court's order, that the court found him in contempt of court.

31. Upon finding Mr. Bowser in contempt, the court then went through each discovery request and issued the followings findings as to noncompliance:

    a. Compliance: Interrogatory Nos. 3, 6, 7, 12[33]

    b. Partial Compliance: Interrogatory No. 5

    c. Noncompliance: Interrogatory Nos. 8?, 9, 11, 14 and RFPs 1-17.

32. The court notified Mr. Bowser that the contempt finding exposed him to sanctions and that the court would take the issue of sanctions under advisement and dispose of it through a Report and Recommendation.

## DISCUSSION

Mr. Bowser should be held in civil contempt of court, and sanctions should be imposed to compel compliance with the September 11, 2020 order. First, the court explains why it finds Mr. Bowser in contempt. Second, the court discusses discovery sanctions in general and declines to impose the severe sanctions that Plaintiffs request. Finally, the court recommends civil contempt sanctions and incarceration in the event of sustained noncompliance. The court discusses each issue in order below.

---

[33] Mr. Bowser, after having been sworn, stated on the record under penalty of perjury that all responsive information to Interrogatory Nos. 3 and 12 have been provided and that no such further responsive information exists.

## I.     MR. BOWSER IS IN CIVIL CONTEMPT

To prove civil contempt, the court must find that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. FTC v. Kuykendall, 371 F.3d 745, 756 (10th Cir. 2004). These elements must be established by clear and convincing evidence. Reliance Ins. Co v. Mast Constr. Co., 159 F.3d 1311, 1315 (10th Cir. 1998).

The certified facts outlined above support a finding of civil contempt by clear and convincing evidence. Mr. Bowser was properly served with Plaintiffs' discovery requests on August 26, 2020, and he failed to respond to those discovery requests, failed to respond to Plaintiffs' motion to compel, and failed to comply with the court's September 11, 2020 order. Mr. Bowser then came to the show cause hearing having not fully complied with the court order because he failed to comply with the Federal Rules of Civil Procedure. Specifically, under Fed. R. Civ. P. 34(a)(1), a respondent to a Request for Production of Documents must produce those within his/her "possession, custody, or control." Actual possession, custody, or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Mr. Bower admitted that he had access to the bankruptcy trustee's documents.

This admission affects both Mr. Bowser's responses to the Requests for Production and to his incomplete responses to Interrogatories. First, although Plaintiffs already have access to Mr. Bowser's voluminous documents in the bankruptcy trustee's possession, Mr. Bowser has the obligation to specify which documents in the mass before the bankruptcy trustee are responsive

8

to each request. Fed. R. Civ. P. 34(b)(2)(B). Second, as to the Interrogatories, where, as here, Mr. Bowser relies on documents to respond, Fed. R. Civ. P. 33(d) requires him to specify which documents are responsive to each Interrogatory. Fed. R. Civ. P. 33 advisory note to 1980 amendment ("The Committee is advised that parties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option."); AAB Joint Venture v. United States, 75 Fed. Cl. 448, 451-52 (2007) ("Since adoption of the [1980] amendment, federal courts have strictly construed the rule to require a responding party to specifically direct the requesting party to the documents which contain the answer to the interrogatory."). Because Mr. Bowser had access to the documents before the bankruptcy trustee, he should have informed Plaintiffs which documents were responsive to each Request for Production and Interrogatory. Because Mr. Bowser did not do so, his responses to Requests for Production 1-17 and Interrogatory Nos. 2, 5, 8, 9, 11, 14 were incomplete. The validity of the September 11, 2020 order is not contested, and Mr. Bowser was clearly aware of it. Despite the existence of a valid court order and Mr. Bowser's knowledge of the same, Mr. Bowser failed to comply with the court's directives. Mr. Bowser failed to show good cause for his failure to comply with the court's order and, therefore, should be sanctioned accordingly.

## II.   DISCOVERY SANCTIONS IN GENERAL

Fed. R. Civ. P. 37 permits a court to impose a variety sanctions for a party's failure to comply with a court's discovery orders. Such sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>   (iii) striking pleadings in whole or in part;
>   (iv) staying further proceedings until the order is obeyed;
>   (v) dismissing the action or proceeding in whole or in part;
>   (vi) rendering a default judgment against the disobedient party; or
>   (vii) treating as contempt of court, the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The court has discretion to impose any such sanction that is "just and related to the particular claim at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Plaintiffs ask the court to impose sanctions in the form of striking and entering default judgment against Mr. Bowser.[34] In general, before imposing severe sanctions such as striking a party's answer or dismissing a case, courts should consider the *Ehrenhaus* factors. The Court of Appeals for the Tenth Circuit set forth these factors in affirming a district court's decision to dismiss a complaint with prejudice as a sanction for violating a discovery order. While not establishing a "rigid test," the following factors should be considered and applied: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* These factors are neither exhaustive nor entitled to equal weight. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921. Because of this strong preference, the

---

[34] ECF No. 208 at 12.

Tenth Circuit has held that a "dismissal or default sanctions order should be predicated on "willfulness, bad faith, or [some] fault" rather than just a simple "inability to comply." *Lee v. Max International*, LLC., 638 F.2d 1318, 1321 (10th Cir. 2011) (alteration in original) (citation and quotations omitted).

  The court does not find severe sanctions such as striking Mr. Bowser's answer and entering default against him are warranted. Although the record reflects that Mr. Bowser has been pervasively nonresponsive to Plaintiffs' discovery request and their attempts to communicate, only one discovery order has been entered to date, and this is the court's first attempt to enforce the order. Further, the record does not support a finding of bad faith or willfulness sufficient to strike his defenses and enter default judgment. For example, Mr. Bowser stated that he relied on advice of counsel to not be specific in his discovery responses under the theory that he was no longer the owner of the company and, therefore, had no obligation to provide documents. Although this is clearly incorrect advice, it appears that Mr. Bowser was not attempting to be an obstructionist. Moreover, the fact is that Plaintiffs already have all responsive documents that were in Mr. Bowser's possession through the bankruptcy trustee. Thus, Mr. Bowser's failure to comply does not deprive Plaintiffs of evidence to prove their case but deprives them of specifically knowing which documents are responsive to Plaintiffs' discovery requests. Although this violation of the rules warrants sanctions, the court questions how prejudicial Mr. Bowser's lack of specificity has been to Plaintiffs. After all, during oral argument, Plaintiffs stated that they were prepared to file their motion for summary judgment even without Mr. Bowser's responses. This indicates that Mr. Bowser's lack of specificity under Rules 33 and 34 has not been significantly prejudicial to Plaintiffs moving the case along, but it has

unnecessarily caused the Plaintiffs extra time and, therefore, expense to glean information that a proper discovery response could have quickly provided. Mr. Bowser's discovery violations warrant sanctions, but those sanctions should not give Plaintiffs a free pass to victory unless they are the type that significantly prejudice the opposing party. The discovery violations here are not of that nature. Therefore, the court recommends the lesser sanctions below.

### III.     CIVIL CONTEMPT SANCTIONS

Civil contempt sanctions may be employed to coerce compliance with a court order and are considered lessor sanctions as opposed to those described above. Fed. R. Civ. P. 37(b)(2)(A)(vii); *United States v. United Mine Workers*, 330 U.S. 258, 290 n.56 (1947). Either incarceration or a fine may accomplish the purpose of coercion. *United Mine Workers*, 330 U.S. at 303-04. Here, the court recommends imposing a daily fine of one hundred dollars ($100.00) against Mr. Bowser for each day he fails to comply with the court's September 11, 2020 order until such time that Mr. Bowser purges the contempt by complying with the order. Although the daily fine recommended may impose a financial hardship on Mr. Bowser, it is a sanction that can be quickly and inexpensively purged if Mr. Bowser fulfills his discovery obligations. Once Mr. Bowser complies with his discovery obligations, he should file a status report with the court indicating his compliance. Upon filing the status report, the daily fines shall cease to accrue. If Plaintiffs disagree that Mr. Bowser has complied, then they should file a Motion for Order to Show Cause seeking further sanctions described in the next paragraph.

The court finds incarceration as a means of compelling Mr. Bowser's compliance may be necessary following expiration of a designated period of time. In civil contempt proceedings imprisonment is not inflicted as a punishment but is intended to be remedial by coercing the

party to do what he has previously refused to do. Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911); *see also* Tracfone Wireless, Inc. v. LaMarsh, 307 F.R.D. 173, 176 (W.D. Pa. 2015). As a sanction, imprisonment may therefore be imposed "if the contemnor fails after a designated period of time to comply with a court's order or may take the form of imprisonment for a fixed term, provided that the contemnor has the option of earlier release if he complies." Shillitani v. United States, 384 U.S. 364, 370 (1966). If Mr. Bowser fails to provide compliant discovery responses within 21 days of the order adopting this Report and Recommendation, then Plaintiffs should file a Motion for Order to Show Cause. If Mr. Bowser is unable to show cause for his failure to comply, then the daily fines should retroactively accrue for the time they were tolled and continue until such time as he complies. Additionally, the court should incarcerate Mr. Bowser until such time as he complies with his discovery obligations.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Mr. Bowser should be adjudged in civil contempt of court for failure to comply with the court's September 11, 2020 order as to Requests for Production 1-17 and Interrogatories 2, 5, 8, 9, 11, 14.

2. Beginning on the date of the court's order adopting this Report and Recommendation, Mr. Bowser should pay one hundred dollars ($100.00) per day to the Clerk of Court for the United States District Court for the District of Utah, until such time as Mr. Bowser complies with the September 11, 2020 order enforcing Plaintiffs' discovery requests. If Mr. Bowser fails to achieve compliance within 21 days of the adoption of this Report and

Recommendation, Plaintiffs should file a Motion for Order to Show Cause. At the hearing on Plaintiffs' motion, the court will determine whether Mr. Bowser should not be incarcerated.

3. If Mr. Bowser complies with his discovery obligations, he should immediately file a status report with the court, which will end the accumulation of daily fines. If Plaintiffs disagree that Mr. Bowser has complied, then they shall file a Motion for Order to Show Cause. If, after a hearing, the court determines that Mr. Bowser has not complied, then the daily fines shall accrue retroactively for the days that they have been delayed and continuing until Mr. Bowser achieves compliance. Additionally, the court should consider imposing sanctions of incarceration.

\* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 16th day of February 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge