IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROSA DITUCCI, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER ASHBY, et al.,<br><br>　　　　　　　　Defendants. | ORDER AND<br>MEMORANDUM DECISION<br>ADOPTING REPORT &<br>RECOMMENDATION<br><br>Case No. 2:19-cv-277-TC-JCB |

On February 17, 2021, U.S. Magistrate Judge Jared Bennett issued a Report and Recommendation[1] (R&R) that pro se defendant William Bowser be held in contempt and sanctioned in a manner that will compel his compliance with the Magistrate Judge's September 11, 2020 discovery order. In that discovery order, the Magistrate Judge found Mr. Bowser had not fulfilled his discovery obligations, and, in fact, had repeatedly provided incomplete or nonresponsive answers to Plaintiffs' valid discovery requests. He ordered Mr. Bowser to respond, but Mr. Bowser did not comply with the order to compel appropriate and complete responses, so Plaintiffs filed a Motion for Order to Show Cause Why Defendant Bowser Should Not Be Held in Contempt for Failure to Comply with Discovery Order.[2] After a show-cause

---

[1] ECF No. 227.
[2] ECF No. 208.

1

hearing, during which Mr. Bowser offered his explanation, the Magistrate Judge determined that Mr. Bowser's response was inadequate and, accordingly, issued the R&R.

Plaintiffs object to the R&R, contending it contained incorrect findings of fact and did not recommend sufficient sanctions. For the reasons set forth below, the court overrules Plaintiffs' objection and adopts the R&R.

## THE ORDER TO COMPEL DISCOVERY

On August 26, 2020, Plaintiffs filed an Emergency Motion to Compel Inspection of Defendant's iPad and iCloud and Responses to Discovery (ECF No. 191 ("Motion to Compel")). Mr. Bowser did not file an opposition. (He later claimed he did not receive the motion, but the court found otherwise.)

The Magistrate Judge granted the Motion to Compel in part and denied it in part. (See Sept. 11, 2020 Order, ECF No. 196 ("Order to Compel").) He said Plaintiffs' request to inspect the electronic devices was "an undeveloped destruction of evidence claim," and denied it without prejudice. (Id. at 4.) But he did find, after "a review of the [Plaintiffs' May 1, 2020] Discovery Requests and Mr. Bowser's responses … that the information sought is nonprivileged, relevant, and proportional." (Id. at 3.) According to the Magistrate Judge, "Mr. Bowser's answers to these proper Discovery Requests [were] either incomplete or nonresponsive" (id.), so he granted that portion of the Motion to Compel:

> Mr. Bowser shall provide full and complete written responses to the Discovery Requests no later than September 24, 2020. Should Mr. Bowser fail to comply with this Order, the court will proceed to impose sanctions pursuant to Fed. R. Civ. P. 37(b)(2) which may include, *inter alia*, recommending that Judge Campbell enter default judgment against Mr. Bowser.

(Id.) He also ordered Mr. Bowser "to show cause why he should not be required to pay Plaintiffs' reasonable expenses incurred in bringing [the Motion to Compel]." (Id. at 4.) Mr. Bowser received the Order to Compel via certified mail on September 14, 2020.

2

In his answer to the Order to Compel, Mr. Bowser said "responses to discovery requests have been submitted." (See Sept. 23, 2020 Response to Order at p. 1 ¶ 3, ECF No. 201.) He explained why he believed he was in compliance: he "turned over 1.3GB of discovery requested documents," and "[j]ust because [Plaintiffs'] Counsel does not like or agree with an answer does not make the answer inherently un-meaningful." (Id. at p. 3.)

Mr. Bowser then asserted that he "should not be sanctioned nor otherwise penalized because plaintiffs did not properly notice with regard to the original motion to compel." (Id. at 2; see also id.at p. 1 ¶ 1 and p. 2 (denying receipt of Plaintiffs' Motion to Compel).) Later, in the R&R, the Magistrate Judge found Mr. Bowser's denial that he received Plaintiffs' Motion to Compel "unsupported by the record":

> [T]he record demonstrates that Mr. Bowser had knowledge of the unresolved discovery issues, that opposing counsel would file a motion to compel, two unrequited calls from the court after the motion was filed, and service of the motion to Mr. Bowser's email address on file with the court. Accordingly, to the extent that Mr. Bowser claims he was unaware of [the] motion to compel or failed to receive service, his claims are unsupported by the record.

(Feb. 17, 2021 Report & Recommendation ¶ 20, ECF No. 227.)

After a series of subsequent communications between Plaintiffs and Mr. Bowser, Mr. Bowser provided supplemental responses. Apart from those responses, Mr. Bowser told Plaintiffs to "work with the bankruptcy trustee [Mr. Bower's company, Co-Defendant Noah Corporation, was in bankruptcy] to obtain the documents responsive to the requests." (Id. ¶ 22.)

But the supplemental responses did not satisfy the Plaintiffs (and the Magistrate Judge later found them to be incomplete and not fully in compliance with the Order to Compel), so they filed a Motion for Order to Show Cause Why Defendant Bowser Should not be Held in Contempt for Failure to Comply with Discovery Order (ECF No. 208 ("Motion for OSC")). They requested that the court order Mr. Bowser to appear in person to show why he should not

3

be held in contempt, sanctioned (including entry of default judgment), and ordered to pay fees and costs for bringing the Motion to Compel and Motion for OSC.

## THE "SHOW CAUSE" HEARING

On January 8, 2021, the Magistrate Judge held a hearing on the Motion for OSC. Mr. Bowser, appearing pro se,[3] attempted to explain why the Plaintiffs' requested relief should not be granted.

At the show-cause hearing, Plaintiffs told the court Mr. Bowser had still not responded to eight interrogatories and seventeen requests for documents. Mr. Bowser asserted that "most of the items and information Plaintiffs requested do not exist, are not in his possession, and can be obtained through the trustee instead of through him." (R&R ¶ 26.) But then, when questioned by the court, "Mr. Bowser indicated that responsive documents and information did in fact exist but that he had simply not understood the questions asked until that moment." (Id. ¶ 27.) He also "admitted he had not made reasonable efforts to obtain responsive information because he did not think he had to based on advice from [former] counsel regarding his bankruptcy estate." (Id.)

And Mr. Bowser once again "expressed some concern about the relevance and proportionality of some of the requests." (Id.) But the Magistrate Judge told Mr. Bowser he had waived his right to voice that objection because Mr. Bowser had not responded to the discovery requests or the motion to compel. (Id. ¶ 28.)

Ruling from the bench, the Magistrate Judge concluded that the facts supported a finding of contempt and that Mr. Bowser should be sanctioned for failing to properly respond to the

---

[3] Initially, Mr. Bowser was represented by counsel. But on July 14, 2020, his counsel withdrew, and on August 14, 2020, Mr. Bowser entered his appearance as a pro se defendant.

Discovery Requests.  As for the type of sanctions, the Magistrate Judge took that issue under advisement.

## THE REPORT AND RECOMMENDATION

In the R&R, the Magistrate Judge formally articulated his reasons for recommending that Mr. Bowser be held in contempt.  He also proposed a set of sanctions that did not rise to the level of severity Plaintiffs requested in their Motion for OSC.

Citing the standard for civil contempt, the Magistrate Judge found the record established by clear and convincing evidence that Mr. Bowser was in contempt of court.  "Mr. Bowser was properly served with Plaintiffs' discovery requests on August 26, 2020, and he failed to respond to those discovery requests, failed to respond to Plaintiffs' motion to compel, and failed to comply with the court's September 11, 2020 order.  Mr. Bowser then came to the show cause hearing having not fully complied with the court order because he failed to comply with the Federal Rules of Civil Procedure."  (R&R at p. 8.)  Specifically, the Magistrate Judge pointed out that Mr. Bowser "admitted that he had access to the bankruptcy trustee's documents," which would have been responsive to the Plaintiffs' requests.  (Id.)  Furthermore, even though Plaintiffs "already have access to Mr. Bowser's voluminous documents in the bankruptcy trustee's possession, Mr. Bowser has the obligation to specify which documents in the mass before the bankruptcy trustee are responsive to each request."  (Id. at pp. 8–9 (citing Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B).)  But Mr. Bowser had not specified.

The Magistrate Judge found that, "[d]espite the existence of a valid court order and Mr. Bowser's knowledge of the same," Mr. Bowser's responses to specified interrogatories and document production requests (including requests seeking documents in possession of the bankruptcy trustee) were still incomplete at the time of the show-cause hearing and that Mr.

5

Bowser had not articulated any reason why he should be excused from that discovery obligation. (Id. at p. 9.) This, recommends the Magistrate Judge, warrants a finding of contempt and sanctions.

Plaintiffs asked the court to strike Mr. Bowser's complaint and enter default judgment against him. The Magistrate Judge declined to do so.

He noted that, "[i]n general, before imposing severe sanctions such as striking a party's answer or dismissing a case, courts should consider the Ehrenhaus factors." (Id. at p. 10.)

> While not establishing a "rigid test," the following factors should be considered and applied: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. These factors are neither exhaustive nor entitled to equal weight.

(Id. (citing Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).) The Ehrenhaus court emphasized that "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Ehrenhaus, 965 F.2d at 921 (internal quotation marks and citation omitted). The Magistrate Judge also cited Lee v. Max International, LLC, in which the Tenth Circuit held that "a dismissal or default sanctions order should be predicated on willfulness, bad faith, or [some] fault rather than just a simple inability to comply." 638 F.3d 1318, 1321 (10th Cir. 2011) (internal quotation marks and citations omitted).

After considering the Ehrenhaus factors, the Magistrate Judge held that default judgment against Mr. Bowser was not warranted.

> Although the record reflects that Mr. Bowser has been pervasively nonresponsive to Plaintiffs' discovery request and their attempts to communicate, only one discovery order has been entered to date, and this is the court's first attempt to enforce the order. Further, the record does not support a finding of bad faith or willfulness sufficient to strike his defenses and enter default judgment. For example, Mr. Bowser stated that he relied on advice of counsel to not be specific

6

> in his discovery responses under the theory that he was no longer the owner of the company and, therefore, had no obligation to provide documents. Although this is clearly incorrect legal advice, it appears that Mr. Bowser was not attempting to be an obstructionist.

(R&R at p. 11 (emphasis added).)

Although he did find that Plaintiffs were prejudiced, he concluded that the prejudice they suffered was not significant enough to give them "a free pass to victory[.]" (Id. at p. 12.)

> [T]he fact is that Plaintiffs already have all responsive documents that were in Mr. Bowser's possession through the bankruptcy trustee. Thus, Mr. Bowser's failure to comply does not deprive Plaintiffs of evidence to prove their case but deprives them of specifically knowing which documents are responsive to Plaintiffs' discovery requests. Although this violation of the rules warrants sanctions, the court questions how prejudicial Mr. Bowser's lack of specificity has been to Plaintiffs. After all, during oral argument, Plaintiffs stated that they were prepared to file their motion for summary judgment even without Mr. Bowser's responses.

(Id. at p. 11 (emphasis added).) Indeed, eleven days after the hearing, Plaintiffs filed a Motion for Partial Summary Judgment against Mr. Bowser on their claim of unjust enrichment. (See Jan. 19, 2021 Mot. for Partial Summ. J. (ECF No. 220).) The Magistrate Judge did, however, find that "Mr. Bowser's lack of specificity … has unnecessarily caused the Plaintiffs extra time and, therefore, expense to glean information that a proper discovery response could have quickly provided." (R&R at pp. 11–12.)

Determining that contempt sanctions were necessary to coerce Mr. Bowser's compliance with the Order to Compel, the Magistrate Judge recommended "imposing a daily fine of one hundred dollars ($100.00) against Mr. Bowser for each day he fails to comply with court's September 11, 2020 order until such time that Mr. Bowser purges the contempt" by sufficiently responding to the Discovery Requests. (Id. at p. 12.) He also directed Plaintiffs to file another motion for order to show cause if after twenty-one days from the date of this order Mr. Bowser still has not complied. If Plaintiffs file such a motion, the Magistrate Judge recommended that a

hearing be held and, "[i]f, after a hearing, the court determines that Mr. Bowser has not complied …, the court should consider imposing sanctions of incarceration." (Id. at p. 14.)

## ADOPTION OF THE REPORT AND RECOMMENDATION

The Magistrate Judge issued the R&R under 28 U.S.C. § 636(b)(1)(B), and based his recommendation on the sanctioning authority contained in Rule 37 of the Federal Rules of Civil Procedure. That rule allows a court to sanction a party for failure "to obey an order to provide or permit discovery" by:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) <u>treating as contempt of court the failure to obey any order</u> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added).

The Magistrate Judge may not issue an order of contempt under Rule 37(b)(2)(A)(vii). Instead, he must certify the facts to the district court judge who then determines whether the party should be held in contempt. 28 U.S.C. § 636(e)(B)(6)(iii). Following that procedure, the Magistrate Judge issued findings of fact after hearing from the parties. He then recommended that Mr. Bowser's failure to comply with the Order to Compel should be treated as contempt of court under Rule 37(b)(2)(A)(vii), and that sanctions other than default judgment would suffice.

8

Plaintiffs filed an objection. (See Pls.' Objection to Magistrate's Report & Recommendation, ECF No. 236 ("Objection").) Although they agree with a majority of the R&R, they object to some of the Magistrate Judge's findings of fact, his rejection of default judgment as a sanction, and his recommendation concerning incarceration. They also propose an alternative sanction in the event the court does not enter default judgment: "[T]he Court should prohibit Mr. Bowser from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." (Objection at 3 (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)).)

**Standard of Review**

The court must review, de novo, those parts of the R&R the Plaintiffs challenge. Fed. R. Civ. P. 72(b)(3) (requiring district court to "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988) ("While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations.")

**Plaintiffs' Objection**

Plaintiffs question the Magistrate Judge's factual findings. They contend that he incorrectly judged the level of prejudice they suffered and the level of Mr. Bowser's bad faith, and, consequently, incorrectly determined that a sanction short of default was warranted.

According to Plaintiffs, the Magistrate Judge erred when he found that "Plaintiffs already have all responsive documents that were in Mr. Bowser's possession through the bankruptcy

9

trustee." (See Objection at 3 (quoting R&R at 11).) They reason that the finding "relies on the [incorrect] premise that Mr. Bowser cooperated fully with the bankruptcy trustee and did not withhold documents." (Id. at 4.)

In support of their argument, they point to exhibits Mr. Bowser attached to his February 8, 2021 brief opposing Plaintiffs' motion for summary judgment. There, he relies on a voluminous set of exhibits[4] containing responsive documents that, according to Plaintiffs, should have been produced to the bankruptcy trustee. Consequently, they argue, the Magistrate Judge erred. (See id. at 4–5.) But that information was not available to the Magistrate Judge because Mr. Bowser filed his opposition after the show-cause hearing. Accordingly, the Magistrate Judge did not have an opportunity to evaluate the details of that claim when determining which facts to certify. Because the Magistrate Judge is most familiar with the scope of discovery requests and responses at issue, the court will not consider it now. If, however, Mr. Bowser has submitted undisclosed yet responsive documents to support his opposition to the motion for summary judgment, Plaintiffs are free to raise that issue in the summary judgment proceedings.

The Magistrate Judge also concluded that "Mr. Bowser's lack of specificity under Rules 33 and 34 has not been significantly prejudicial to Plaintiffs moving the case along." (R&R at 11.) Plaintiffs object to that finding as well, stressing their need for a complete set of evidence to prosecute their claims against Mr. Bowser and the other parties.[5] They also vaguely say Mr. Bowser's contempt negatively affected their ability to identify additional defendants.

The Magistrate Judge rightly questioned "how prejudicial Mr. Bowser's lack of

---

[4] He attached 5 GB of documents, including 3,603 files and 278 folders. (Objection ¶ 3.)
[5] During the hearing, Plaintiffs also complained that the fact discovery deadline was fast-approaching. That deadline has since been extended by six months. (See Mar. 9, 2021 Minute Entry ECF No. 241; Mar. 15, 2021 Docket Text Order ECF No. 243.)

specificity has been to Plaintiffs.  After all, during oral argument, Plaintiffs stated that they were prepared to file their motion for summary judgment even without Mr. Bowser's responses."  (Id. at 11.)  Indeed, Plaintiffs have filed that motion against Mr. Bowser.  The prejudice was not so great that the harsh sanction of default judgment is warranted.

Plaintiffs emphasize the finding that "Mr. Bowser has been pervasively nonresponsive to Plaintiffs' discovery request and their attempts to communicate."  (Objection at 3 (quoting R&R at 11).)  But that finding is tempered by the Magistrate Judge's caveat that "only one discovery order has been entered to date, and this is the court's first attempt to enforce the order."  (R&R at 11.)

They take issue with the Magistrate Judge's excusal of Mr. Bowser's reliance on advice of his former attorney to determine how to respond to the discovery requests.  But it is reasonable to expect a pro se defendant with no legal knowledge to act in a way that his previous attorney advised at the time of representation.  Although Plaintiffs question the veracity of Mr. Bower's explanation at the hearing, the Magistrate Judge found the explanation credible, and the court will not second-guess that credibility determination.

Finally, Plaintiffs express concerns that incarceration of Mr. Bowser would not coerce him to comply with the court's orders and would only prevent him from collecting responsive documents. (Objection at 11.)  But, as discussed below, their concerns are not warranted at this time.

**Mr. Bowser is in Contempt of Court for Failing to Obey the Order to Compel.**

To obtain a finding of civil contempt, a plaintiff must prove liability by clear and convincing evidence that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." FTC v. Kuykendall, 371 F.3d 745, 756–57

11

(10th Cir. 2004). Based on the facts certified by the Magistrate Judge, the court finds that Mr. Bowser is in contempt for violating the order compelling him to respond fully to the discovery requests (the Order to Compel).

### Mr. Bowser's Contempt Warrants the Recommended Sanctions at This Time.

Plaintiffs maintain that default judgment is the only appropriate remedy for Mr. Bowers' contempt:

> If the Court were to merely hold Mr. Bowser in contempt and order monetary penalties, Plaintiffs are convinced that Mr. Bowser would ignore those sanctions, just as he has ignored the Court's previous orders, and continue to impede discovery and the resolution of this case. Therefore, the Court should hold Mr. Bowser in civil contempt, and strike his answer and enter default judgment against him.

(Pls.' Mot. for OSC at 12.)

The court agrees with the Magistrate Judge's approach and reasoning that at this point, the harsh sanction of default judgment is not appropriate against a pro se defendant who was facing a motion to compel for the first time. The same can be said of the alternative remedy Plaintiffs propose in their Objection: an order prohibiting Mr. Bowser "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." (Objection at 3 (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)).)

The Magistrate Judge proposed sanctions that are fairly designed to coerce Mr. Bowser to comply. Each day of noncompliance brings a $100 fine. But, as the Magistrate Judge has made clear to Mr. Bowser, if the fines do not provide Mr. Bowers with sufficient "incentive" to purge himself of contempt, a stronger means of compelling compliance—incarceration—is available. The Magistrate Judge has built into the R&R a well-defined limit on the court's patience with Mr. Bowser.

Whether incarceration, or some other sanction such as default judgment, is warranted in the future remains to be seen. But if Mr. Bowers continues his contumacious conduct after three weeks of fines have accrued, the court will address that issue. For now, the sanction remains monetary.

**ORDER**

For the foregoing reasons, Plaintiffs' Objection is overruled, and the Report and Recommendation (ECF No. 227) is adopted as the order of this court.

DATED this 17th day of March, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge