IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROSA DITUCCI, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER ASHBY, et al.,<br><br>　　　　　　　　Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:19-cv-277-TC-JCB |

Pro se defendant William Bowser has filed a "Motion Seeking Partial Relief from, and Modification of, Writ of Attachment" (ECF No. 218). His motion concerns approximately $347,000 he deposited with the court and restrictions on the transfer of his townhome, both of which were ordered in 2019. (See ECF No. 46). For the reasons set forth below, the court denies his motion.

**Factual and Procedural Background**

Plaintiffs are individual investors who collectively invested $4.9 million to purchase what they thought was a safe and secure property with income from lease payments. They allege they lost the value of their investments because Defendants, including Mr. Bowser, defrauded them. One of the defendants was Noah Corporation. Mr. Bowser was a founder and the President of Noah.

When Plaintiffs filed their complaint, they were concerned that if they were to succeed on

1

their claims against Mr. Bowser, their ability to collect from him would be lost because Mr. Bowser was in the process of selling valuable property that could satisfy a judgment. To protect their chance of recovering, they filed an Expedited Emergency Motion for *Ex Parte* Prejudgment Writ of Attachment (ECF No. 26) targeting Mr. Bowser's $2.4 million house (the "Glenwild Property").

After two hearings, the court granted the motion, issued the writ, and ordered Mr. Bowser to preserve the net proceeds of the sale of the Glenwild Property:

> By this order, the court issues a prejudgment writ of attachment on the net proceeds of the sale of the Glenwild Property (totaling $844,816.83), described as follows: the Townhome described in Mr. Bowser's initial opposition brief (ECF No. 35) (or, alternatively, the proceeds earmarked for its purchase, which total $496,995.36) and the remainder of the unencumbered proceeds ($347,821.48). <u>Mr. Bowser is ORDERED to deposit $347,821.48 with the court.</u> <u>It is further ORDERED that he and Mrs. Bowser may not transfer the Townhome, or any interest in the Townhome.</u>

(2019 Order & Mem. Decision at 17–18, ECF No. 26 (emphasis added) ("Order" or "Writ").)

Mr. Bowser did as he was instructed, but he also filed an interlocutory appeal of the Order. At the time of his appeal, he was represented by counsel, and although Noah Corporation was in Chapter 11 bankruptcy (it filed a petition in May 2019), he was still drawing a salary.

On February 21, 2020, before the Tenth Circuit issued its decision, Noah's Chapter 11 bankruptcy case was converted to a Chapter 7 bankruptcy case (liquidating Noah's assets). According to Mr. Bowser, that conversion "ended all income" for him. (Motion Seeking Partial Relief from, and Modification of, Writ of Attachment at 1, ECF No. 218.) In June 2020, his counsel withdrew because Mr. Bowser was not able to pay the $65,000 in fees that he owed. He says he "had no means to meet the obligation because of the writ." (Id. at 2.)

On January 21, 2021, the Tenth Circuit denied his appeal, ruling that the Order was not an appealable interlocutory order and, consequently, the Circuit did not have jurisdiction to

review it. DiTucci v. Bowser, 985 F.3d 804 (10th Cir. 2021). The appellate panel did discuss Mr. Bowser's subsequent loss of income and his inability to pay for an attorney. But the court concluded the issue had not been addressed in the district court so it did not address Mr. Bowser's concern.

Mr. Bowser is representing himself because he has no liquid assets to pay for an attorney, "no job, and no immediate prospects." (Mot. at 2.) Citing that, he contends that the changed circumstances and resulting harm he is suffering merit a change to the Writ. In particular, he asserts that if he does not have counsel, he "may not get the opportunity afforded him by the constitution" to be "judged on the evidence by a jury of his peers." (Id. at 3.) Also, he is struggling with discovery and says he will "suffer extreme prejudice" if he is "unable to afford the expense associated with the discovery and deposition." (Id. at 3–4.)

To solve his predicament, he asks the court to modify the Writ to (1) release the $347,821 to him so he can pay off his townhome's mortgage, and (2) allow him to open a $150,000 home equity line of credit (HELOC) "for the sole purpose of funding any legal expenses associated with his defense of these claims." (Id. at 4.) Mr. Bowser asserts that without that modification, he will "continue to suffer irreparable harm." (Id. at 1.)

**Irreparable Harm**

In July 2019, Mr. Bowser raised the issue of irreparable harm in his interlocutory appeal of the Order. The Tenth Circuit, in its 2021 opinion, cited 28 U.S.C. § 1292(a)(1) and held that the Order granting the writ was not an appealable interlocutory order because it did not threaten a "serious, perhaps irreparable consequence" that could be "effectually challenged only by immediate appeal." DiTucci, 985 F.3d at 804 (internal citations and quotation marks omitted).

But to reach that conclusion, the appellate court reviewed the issue of whether the Writ irreparably injured Mr. Bowser under the circumstances existing at the time Mr. Bowser filed his appeal (i.e., before Noah's Chapter 11 bankruptcy was converted to a Chapter 7 bankruptcy). The appellate panel discussed the Writ's effect:

> Mr. Bowser contends that he does face irreparable injury. Regarding the restrictions on the Townhome, he contends that "real property interests are unique and especially support findings of irreparable harm in the event of their loss." But he retains the right to live in and enjoy the Townhome under the Order; he is merely prohibited from "transfer[ring] the Townhome, or any interest in the Townhome." DiTucci, 2019 WL 2579268, at *9. … In this case, … the real estate is a home, whose central purpose is to provide living accommodations, and Mr. Bowser is free to live there as he wishes. …
>
> Mr. Bowser also [says] … that he faces irreparable consequences because the district court's order renders him "unable to conduct the affairs of [his] life without substantial constraint." But we do not read that opinion so broadly as to regard *any* financial constraint as creating irreparable injury.

Id. at 816 (emphasis in original).

During his appeal, Mr. Bowser extended his argument. He voiced his concern that in light of his changed circumstances (loss of income from Noah Corporation, which occurred after he filed his appeal, and his subsequent inability to afford an attorney), the Writ unjustly prevented his ability to properly defend against the lawsuit.

The Tenth Circuit held it did not have jurisdiction over that issue either because the matter was not raised in this court before the appeal.

> Mr. Bowser does claim one constraint that could present a serious irreparable injury. He contends that the Order will preclude him from obtaining legal representation in this dispute. See Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1225 (10th Cir. 2009) (loss of court-ordered advances being used to fund defense in criminal prosecution satisfied "irreparable injury" requirement for injunctive relief). That issue, however, is not properly before us.

Id. at 812. Nevertheless, the court commented on the issue:

> When the district court issued its Order in June 2019, financing the litigation did not seem problematic because Mr. Bowser and his wife were continuing to draw

4

> combined annual salaries of approximately $259,000 from Noah and Gabriel under the Chapter 11 restructuring plan approved by the bankruptcy trustee. It is only after Mr. Bowser submitted his opening brief on appeal that Noah's bankruptcy proceedings were converted from Chapter 11 to Chapter 7, apparently cutting off Mr. and Mrs. Bowsers' source of income. Hence, the district court has not had an opportunity to consider any impact from the Chapter 7 conversion, and that is where the matter should be explored in the first instance. See Lutz, 853 F.3d at 139 n.10 (dismissing appeal under Carson for "failure to show any irreparable consequence" but noting that after remand the "parties may seek relief from the [district] court upon a satisfactory showing that the writs have hindered their ability to pay living expenses or legal fees").

Id. at 812-13 (emphasis added).

Mr. Bowser's motion now raises that issue. But the court finds there is no irreparable injury.

To begin, this is a civil matter, and Mr. Bowser does not have a constitutional right to counsel in a civil case. Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1169 (10th Cir. 2003). Consequently, he does not have a right to use the $347,000 or money from a HELOC encumbering the townhome to pay for an attorney.

The Tenth Circuit's citation to its decision in Westar Energy, Inc. v. Lake does not change the court's conclusion. In that case, the irreparable injury arose because circumstances prevented the defendant's ability to pay counsel to defend him in criminal matters. The Westar court said,

> In this case, [the defendant Lake] faces the possibility of a prison term if he is convicted in his third criminal trial. He is relying on advances to fund his legal defense. The district court's prospective remedy protects Lake's right to advances, and is thus crucial to Lake's defense of his liberty. Lake therefore meets the requirement of showing irreparable injury in the absence of the prospective relief granted by the district court.

552 F.3d 1215, 1225 (10th Cir. 2009). Unlike the defendant in Westar, Mr. Bowser is not facing criminal liability or the prospect of criminal liability. Compare Schulz v. United States, 244 F. Supp. 3d 307, 311 (N.D.N.Y. 2017) ("to the extent Schulz contends that imposition of the federal

5

tax lien violates his Sixth Amendment right to counsel and thereby causes him irreparable harm (since he cannot liquidate the property in order to pay for an attorney), 'it is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases.' Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 453 (2d Cir. 2013).") (internal citation omitted).

In addition to that important point, the court finds that Mr. Bowser's personal circumstances do not justify a discretionary grant of the relief he seeks.

Mr. Bowser asserts that without representation, he "may not get the opportunity afforded him by the constitution" to be "judged on the evidence by a jury of his peers." (Mot. at 3.) But the proceedings, following the usual course of litigation (including Plaintiffs' pending summary judgment motion), have not foreclosed that opportunity. Nor has he established that he cannot afford "the expense associated with the discovery and deposition," much less that he will "suffer extreme prejudice" without funds withheld by the Writ. (Id.) The record shows that Mr. Bowser has been able to defend himself. As noted above, although he wants a more effective defense by an attorney, he does not have a right to the type of defense he seeks.

Moreover, Mr. Bowser does not assert that his loss of income from Noah prevents him from living in the townhome. Indeed, in his motion he notes that he still has the ability to make the monthly mortgage payments (a fact he confirmed during the motion hearing). Nor does he assert that he is unable to pay his daily living expenses.

Finally, the conditions underlying the court's decision to grant Plaintiffs' request for the Writ have not changed. For that reason, as well as the reasons set forth above, the court declines to modify the Writ.

## **ORDER**

Defendant William Bowser's Motion Seeking Partial Relief from, and Modification of, Writ of Attachment (ECF No. 218) is denied.

DATED this 18th day of May, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge