IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROSA DITUCCI, an individual, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTOPHER J. ASHBY, an individual, et al., <br><br> Defendants. | ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR RULE 54(B) JUDGMENT <br><br> Case No. 2:19-cv-277-TC-JCB |

In October 2021, the court granted Plaintiffs' partial summary judgment motion on their unjust enrichment claim against Defendant William Bowser. (See Oct. 27, 2021 Order & Mem. Decision, ECF No. 281.) Although Plaintiffs brought three other causes of action against Mr. Bowser, they have since voluntarily dismissed those claims. (See Jan. 3, 2022 Order Dismissing Certain Claims Without Prejudice, ECF No. 293.) Claims against other defendants remain, but Plaintiffs wish to execute judgment against Mr. Bowser now. To that end, they have filed a motion under Federal Rule of Civil Procedure 54(b) to obtain certification of the court's order as a final judgment.[1]

---

[1] Mr. Bowser, who was properly served with the motion, has not filed an opposition or other response, and the time for doing so has passed.

1

In certain circumstances, a party may obtain final judgment on less than all claims pending in a case. "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2654 at 33 (1982)).

To determine whether a Rule 54(b) judgment is appropriate, the court "must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). "[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." Okla. Turnpike, 259 F.3d at 1243.

If the decision is final, the court must then determine whether there is any just reason for delay. Curtiss-Wright Corp., 446 U.S. at 7. The Tenth Circuit has characterized this analysis "as a balancing test, weighing 'Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay.'" McKibben v. Chubb, 840 F.2d 1525, 1528 (10th Cir. 1988) (quoting United Bank of Pueblo v. Hartford

Accident & Indem. Co., 529 F.2d 490, 492 (10th Cir. 1976)). "[A] district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp., 446 U.S. at 8. That means considering "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.

The court finds that the order granting partial summary judgment against Mr. Bowser is final. The court's decision was the "ultimate disposition" of Plaintiffs' unjust enrichment claim, id. at 7, and Plaintiffs have voluntarily dismissed their remaining claims against Mr. Bowser. Moreover, Mr. Bowser is not a party to any counterclaim or crossclaim. There is nothing more the court must do to resolve claims against him. See SEC v. Merrill Scott & Assocs., Ltd., 600 F.3d 1262, 1270 (10th Cir. 2010) ("A decision is 'final' when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting Boughton v. Cotter Corp., 10 F.3d 746, 748 (10th Cir. 1993)).

The court also finds there is no just reason for delay. Plaintiffs' unjust enrichment claim against Mr. Bowser is discrete; it focuses on Mr. Bowser's actions, not the alleged wrongdoing of the other defendants. Accordingly, Plaintiffs' claim against Mr. Bowser is separable from their claims against his co-defendants. A final judgment on that isolated claim would not implicate the policy concerns about duplicate issues in subsequent appeals.

The equities also favor Rule 54(b) certification. Plaintiffs, who wish to collect a substantial award of $3.3 million, express legitimate concern that Mr. Bowser may become judgment proof once other suits against him have been resolved. The United States Supreme Court has recognized insolvency as a valid consideration. "[I]f [the defendant's] financial

position were such that a delay in entry of judgment on [the plaintiff's] claims would impair [the plaintiff's] ability to collect on the judgment, that would weigh in favor of certification." Curtiss-Wright Corp., 446 U.S. at 12.  There is no reason why the court should delay entry of judgment against Mr. Bowser while Plaintiffs resolve their ongoing litigation with the other defendants.  A judgment now will allow Mr. Bowser to file an appeal, if he so desires, while the decision is fresh, and it will address Plaintiffs' concern about their ability to collect as time goes by.

Given the above considerations, the court finds it appropriate to certify its order granting partial summary judgment against Mr. Bowser as final under Rule 54(b).  Accordingly, Plaintiffs' Motion for Entry of Final Judgment (ECF No. 284) is granted.

SO ORDERED this 3rd day of January, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge