IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROSA DITUCCI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. ASHBY, et al.,<br><br>Defendants. | ORDER AND<br>MEMORANDUM DECISION<br>GRANTING MOTION TO LIFT STAY<br>AND DENYING MOTION TO DISMISS<br><br>Case No. 2:19-cv-277-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court is the Plaintiffs' motion to lift stay (ECF No. 317) and a motion to dismiss the claims against them with prejudice filed by Defendants First American Title Insurance Company ("First American") and Kirsten Parkin (ECF No. 322). Having considered the briefing and relevant law, the court finds that oral argument is unnecessary. See DUCivR 7-1(g). For the following reasons, the court grants the Plaintiffs' motion and denies the Defendants' motion.

**FACTUAL BACKGROUND**

This action has involved extensive litigation between numerous plaintiffs and defendants related to commercial real estate sales in Carmel, Indiana. In their Third Amended Complaint (ECF No. 173), the Plaintiffs added claims against First American and Ms. Parkin, an employee of First American who served as the escrow agent for the purchases. These Defendants moved to compel arbitration and the court granted in part and denied in part their motion. (Order dated

1

Mar. 1, 2021, ECF No. 234.) The court ordered the Plaintiffs to arbitrate their claims against First American but found that Ms. Parkin, a non-signatory to the title insurance policies issued by First American, could not compel arbitration of the claims against her. (Id. at 1.) After further briefing, the court denied the Defendants' motion to reconsider the court's previous order but stayed litigation of the claims against Ms. Parkin pending arbitration of the First American claims. (Order dated Sept. 16, 2021, ECF No. 265.) First American and Ms. Parkin then appealed that order to the Tenth Circuit. (Notice of Appeal, ECF No. 268.)

On January 25, 2023, the Tenth Circuit affirmed this court's judgments. DiTucci v. First American Title Ins., No. 21-4120, 2023 WL 382923, at *1 (10th Cir. Jan. 25, 2023). The Plaintiffs then filed a motion to lift the stay on the claims against Ms. Parkin, arguing that there would be no duplication of judicial or party resources because the Plaintiffs had not yet initiated arbitration against First American. (Pls.' Mot. Lift Stay at 2-3, ECF No. 317.) The Defendants opposed the Plaintiffs' motion and filed a motion to dismiss the claims against them with prejudice, arguing that the Plaintiffs should be sanctioned for refusing to arbitrate their claims against First American. (Defs.' Mot. Dismiss at 2, ECF No. 322.) Instead of opposing the Defendants' motion, the Plaintiffs then filed a Notice of Dismissal, purporting to dismiss all claims against First American without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

The court now considers the effect of that Notice of Dismissal and determines which claims remain pending between the parties.

## ANALYSIS

Rule 41(a)(1)(A)(i) permits a voluntary dismissal of "an action" by a plaintiff without a court order provided that dismissal occurs "before the opposing party serves either an answer or

a motion for summary judgment[.]" It is undisputed that First American has not filed an answer or motion for summary judgment. Nevertheless, First American argues that Rule 41 requires complete dismissal of the action, not just the claims against a single defendant, and that therefore the Plaintiffs' Notice of Dismissal is non-compliant. (Defs.' Reply at 7, ECF No. 325.)

But First American's interpretation of Rule 41 has previously been rejected in a decision from the District of Utah. In a lengthy and thoughtful opinion, the Honorable Clark Waddoups noted "a (waning) circuit split … on the question of whether a plaintiff must dismiss the entire action under Rule 41(a)(1)(A) or whether it can more surgically dismiss all claims against one of multiple defendants." Van Leeuwen v. Bank of America, N.A., 304 F.R.D. 691, 693 (D. Utah 2015). The court found that the "First, Third, Fifth, Eighth, and Ninth Circuits form the majority in holding that 'Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment.'" Id. (quoting Pedrina v. Chun, 987 F.2d 608, 609 & n.1 (9th Cir. 1993)). The court distinguished a Tenth Circuit case that arguably adopted a contrary ruling, see Gobbo Farms & Orchards v. Poole Chem. Co., 81 F.3d 122, 123 (10th Cir. 1996), observing that the plaintiff in that case was only suing a single defendant. Van Leeuwen, 304 F.R.D. at 696. Opting to follow the majority approach, the court therefore allowed the plaintiff to use Rule 41(a)(1) to dismiss all claims against one of the defendants without prejudice. Id. at 697.

The court finds the holding in Van Leeuwen persuasive. Accordingly, First American is dismissed from the case under the Plaintiffs' Notice of Dismissal and without need for further court order. See Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003) (holding that a voluntary notice of dismissal under Rule 41(a)(1)(A) is "self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required" (citation omitted)).

3

Unless the notice states otherwise, a voluntary dismissal under Rule 41(a)(1)(A) is without prejudice.  See Fed. R. Civ. P. 41(a)(1)(B).  First American asks the court to order that the dismissal be with prejudice as a sanction for the Plaintiffs' failure to initiate arbitration. (Defs.' Reply at 3.)  The Defendants further argue that the court should dismiss all claims against both First American and Ms. Parkin due to the Plaintiffs' failure to oppose the Defendants' Motion to Dismiss and as a sanction.  (Id. at 3, 8.)

In support of their argument, the Defendants cite a case from the District of Kansas in which the court found that dismissal with prejudice was appropriate where the plaintiff, citing only economic hardship, failed to initiate arbitration as ordered by the court.  Mid-West Anesthesia Consultants, Inc. v. LifePoint Hosps., Inc., No. 09-2219-JAR, 2012 WL 13027437 (D. Kan. Mar. 8, 2012).

But in Mid-West, nothing happened after the court ordered the parties to arbitrate for nearly two years until the court requested a status update.  Id. at *1.  Here, the case has not sat idle because both First American and Ms. Parkin appealed the court's arbitration order to the Tenth Circuit.  The Plaintiffs had good cause to await the Tenth Circuit's decision before initiating arbitration to avoid duplicative proceedings.

Even though it was the Defendants who filed the appeal that effectively stayed resolution of the dispute, the Defendants maintain that the Plaintiffs have engaged in gamesmanship. (Defs.' Reply at 7-8.)  Noting that the Plaintiffs did not dismiss First American until after the Defendants filed their motion to dismiss, the Defendants suggest that the voluntary dismissal of First American was simply an attempt to avoid an adverse ruling and to dodge the court's arbitration order.  (Id. at 6-8.)  But the Plaintiffs have been clear throughout this litigation that they find the terms of arbitration prohibitively expensive (see, e.g., Pls.' Mot. at 3) and the court

4

finds no bad faith or abuse in the Plaintiffs' decision to drop their claims against a party from whom they have determined it would be too costly to obtain a judgment.

The court agrees that the Plaintiffs should have filed their Notice of Dismissal simultaneously with their motion to lift the stay, and that the relief originally requested in that motion was inappropriate.[1]  But the Defendants have not asked for a more commensurate level of sanctions, such as attorney's fees for the opposition they filed in response—an opposition that was rendered mostly moot after the Plaintiffs dismissed First American.  In any event, while the Plaintiffs' arguments in their original motion were unpersuasive, the court does not find that either the relief originally requested or the Plaintiffs' subsequent about-face rises to the level of bad faith.

Finally, the court notes that dismissal with prejudice for failure to prosecute is a "drastic sanction[.]" Mid-West, 2012 WL 13027437, at *1.  When considering whether such a sanction is warranted, the court evaluates the following non-exhaustive list of criteria:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135 (10th Cir. 2007) (citing Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).

Even if the court were to view the Plaintiffs' failure to initiate arbitration as objectionable in these circumstances, the Ehrenhaus factors do not weigh in favor of dismissal with prejudice. First American has not shown actual prejudice because it has not established a reasonable basis

---

[1] The Plaintiffs asked the court to reverse its previous stay order and allow the non-arbitrable claims against Ms. Parkin to proceed while the arbitrable claims against First American remained pending. (Pls.' Mot. at 3-4.)  The Plaintiffs subsequently dropped this line of argument after dismissing First American from the action.

for its belief that the Plaintiffs will relitigate these issues in the future.  See French v. Wachovia Bank, 574 F.3d 830, 835 (7th Cir. 2009) (allowing an amended complaint that effectively dismissed certain arbitrable claims without prejudice while maintaining other, non-arbitrable claims, and citing favorably a district court case finding that plaintiffs could not be compelled to arbitrate claims they had already dismissed because there was no reasonable basis to believe they would litigate them again).  Should the Plaintiffs seek to relitigate their claims against First American, they will still be compelled to arbitrate, their claims will likely be untimely, and they may be liable for the costs of the previously dismissed action under Federal Rule of Civil Procedure 41(d).  Any issues of waiver or estoppel or other objections related to the prior dismissal of arbitrable claims are "best resolved when—and if—the dismissing party ever attempts at a later date to bring those claims again." Id. at 836.

Furthermore, the court finds little interference with the judicial process from the Plaintiffs' failure to initiate arbitration.  Although the case has been pending for some time, the proceedings against Ms. Parkin remain in an early stage due to the time necessary to resolve the arbitration issues.  As discussed above, the court does not find the delay in arbitration unreasonable due to the pending appeal.  The culpability of the Plaintiffs is accordingly low, and they had no warning that they might have their case dismissed for failure to prosecute in these circumstances.  Therefore, the Ehrenhaus factors do not weigh in favor of dismissal with prejudice.

Because the court finds that the Plaintiffs did not engage in sanctionable conduct, the claims against First Arbitration are dismissed without prejudice as directed by Rule 41(a)(1)(B).

For the same reasons, the court does not dismiss the claims against Ms. Parkin.[2] And because those claims are the only claims now remaining, the court lifts the stay and orders the parties to proceed to scheduling.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The Defendants' Motion to Dismiss (ECF No. 322) is DENIED.

2. The Plaintiffs' Motion to Lift Stay (ECF No. 317) is GRANTED.

3. The remaining parties must submit a stipulated proposed schedule or, if the parties cannot agree, separate schedules, to Magistrate Judge Jared C. Bennett within ten (10) days from the date of this order.

4. Within ten (10) days from the date of this order, the Plaintiffs must file a response confirming that Kirsten Parkin is the only defendant against whom claims remain pending in the case. The following parties are not listed as terminated on the court's docket, although the court believes the claims against these parties have been dismissed: Scott Rutherford, Rockwell Debt Free Properties, Rockwell TIC, Rockwell Indianapolis, and Noah Corporation.

The Plaintiff's Notice of Dismissal (ECF No. 324) is effective without separate order of the court and First American is therefore dismissed from this case without prejudice.

---

[2] The Plaintiffs did not directly oppose the Defendants' motion to dismiss as it pertained to First American, as any opposition was rendered unnecessary after the Plaintiffs voluntarily dismissed that party. The Plaintiffs also failed to oppose the Defendants' motion as it pertained to Ms. Parkin, but the court will not grant what is effectively a motion for sanctions (even an unopposed motion) unless it finds those sanctions warranted.

DATED this 12th day of September, 2023.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge