IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSA DITUCCI, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>KIRSTEN PARKIN,<br><br>           Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Case No. 2:19-cv-277-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court is the Defendant's motion to compel arbitration. (ECF No. 348.) But for the reasons stated below, the court does not decide that motion because it finds that it lacks subject matter jurisdiction over the remaining causes of action and dismisses the claims against the only remaining defendant, Kirsten Parkin, without prejudice.

## BACKGROUND

This action has involved extensive litigation between numerous plaintiffs and defendants related to commercial real estate sales in Carmel, Indiana. In their original Complaint, the Plaintiffs pled violations of the Securities Exchange Act, thereby giving this court subject matter jurisdiction under 28 U.S.C. § 1331. (<u>See</u> Compl., ECF No. 2 at ¶¶ 15, 321–34, 357–60.) In their Third Amended Complaint, the Plaintiffs added state law claims against First American Title Insurance Company (First American) and Ms. Parkin, an employee of First American who

1

served as the escrow agent for the purchases.  (See Third Am. Compl., ECF No. 173 at ¶¶ 409–22 (alleging negligence), ¶¶ 465–75 (alleging breach of fiduciary duty), ¶¶ 518–25 (alleging unjust enrichment), ¶¶ 526–34 (alleging civil conspiracy), ¶¶ 535–38 (alleging that First American and Ms. Parkin materially aided in securities fraud in violation of state law).)

First American and Ms. Parkin moved to compel arbitration and the court granted in part and denied in part the Defendants' motion.  (Order & Mem. Decision, Mar. 1, 2021, ECF No. 234.)  The court ordered the Plaintiffs to arbitrate their claims against First American but found that Ms. Parkin, a non-signatory to the title insurance policies issued by First American, could not compel arbitration of the claims against her.  (Id. at 1.)  After further briefing, the court denied the Defendants' motion to reconsider the court's previous order but stayed litigation of the claims against Ms. Parkin pending arbitration of the First American claims.  (Order & Mem. Decision, Sept. 16, 2021, ECF No. 265.)  First American and Ms. Parkin then appealed that order to the Tenth Circuit.  (Not. Appeal, ECF No. 268.)

On January 25, 2023, the Tenth Circuit affirmed this court's rulings.  DiTucci v. First American Title Ins., No. 21-4120, 2023 WL 382923, at *1 (10th Cir. Jan. 25, 2023).  The Plaintiffs then filed a motion to lift the stay on the claims against Ms. Parkin, arguing that there would be no duplication of judicial or party resources because the Plaintiffs had not yet initiated arbitration against First American.  (Pls.' Mot. Lift Stay, ECF No. 317 at 2–3.)  The Defendants opposed the Plaintiffs' motion and filed a motion to dismiss the claims against them with prejudice, arguing that the Plaintiffs should be sanctioned for refusing to arbitrate their claims against First American.  (Defs.' Mot. Dismiss, ECF No. 322 at 2.)  Instead of opposing the Defendants' motion, the Plaintiffs then filed a Notice of Dismissal, purporting to dismiss all claims against First American without prejudice under Federal Rule of Civil Procedure

41(a)(1)(A)(i).

The court denied the Defendants' motion to dismiss, determining that the Plaintiffs could voluntarily dismiss their claims against First American. (Order & Mem. Decision, Sept. 12, 2023, ECF No. 328.) That order instructed the Plaintiffs to "file a response confirming that Kirsten Parkin is the only defendant against whom claims remain pending in the case." (Id. at 7.) The court noted that certain other defendants were not listed as terminated on the docket, even though it appeared that the claims against those parties had been dismissed. (Id.) The Plaintiffs filed a response on September 22, 2023, confirming that Ms. Parkin was the only remaining defendant. (ECF No. 329.)

The parties then filed separate motions for scheduling orders. (ECF Nos. 330 & 331.) Ms. Parkin requested that the court allow her 30 days to file a motion to dismiss before setting any discovery deadlines. (ECF No. 330 at 3.) Although the court granted Ms. Parkin's motion (see Order, Sept. 27, 2023, ECF No. 333), Ms. Parkin did not file a motion to dismiss. Instead, the parties filed a stipulated motion to amend the complaint. (ECF No. 334.) Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading "with the opposing party's written consent …." Fed. R. Civ. P. 15(a)(2). Accordingly, the court did not need to grant the Plaintiffs leave to file an amended complaint. Nevertheless, the court—having not seen the proposed amendments—granted the stipulated motion. (Order, Oct. 25, 2023, ECF No. 335.) The Plaintiffs then filed their Fourth Amended Complaint. (ECF No. 336.)

The Fourth Amended Complaint alleged five causes of action against Ms. Parkin for 1) negligence; 2) breach of fiduciary duty; 3) unjust enrichment; 4) civil conspiracy; and 5) materially aiding state-law securities fraud. (Fourth Am. Compl., ECF No. 336 at ¶¶ 408–74.) Because the Fourth Amended Complaint did not contain any of the federal causes of action in the

Third Amended Complaint, Ms. Parkin filed a "Suggestion of Lack of Subject-Matter Jurisdiction."[1]  (ECF No. 337.)

In response, the Plaintiffs requested leave to file yet another amended complaint, asking to add allegations sufficient to establish diversity jurisdiction.  (Pls.' Mot. Amend, ECF No. 338.)  The proposed Fifth Amended Complaint added one paragraph to the Fourth Amended Complaint, which stated: "This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a).  No Plaintiff is of the same state as Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs."  (Proposed Fifth Am. Compl., ECF No. 338-2 at ¶ 40.)  Otherwise, the proposed Fifth Amended Complaint contained all the original defendants (although now labeled as co-conspirators).  (See id. at 1–2.)

Ms. Parkin objected to the proposed Fifth Amended Complaint for several reasons, including that the Plaintiffs failed to adequately plead the citizenship of all individuals, trusts, and limited liability companies, and failed to demonstrate that the amount in controversy was above $75,000.  (Def.'s Opp'n Mem., ECF No. 341 at 6–8.)  Ms. Parkin also maintained that First American was an indispensable party, although Ms. Parkin did not specifically move to join that party under Rule 19.  (Id. at 7–8 & n.7); see also Fed. R. Civ. P. 19(a)(1).  In their reply, the Plaintiffs included additional information about citizenship but did not address the argument about the amount in controversy.  (Pls.' Reply, ECF No. 343.)

---

[1] It is unclear why Ms. Parkin did not simply file a motion to dismiss for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  Although the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it[,]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010), it is always helpful to have an issue directly presented with clear briefing.  Ms. Parkin has elsewhere neglected to highlight her arguments directly in this litigation.  See DiTucci, 2023 WL 382923, at *4–5 (finding that Ms. Parkin's one-sentence argument that First American could compel the Plaintiffs to arbitrate against Ms. Parkin was forfeited because it was "bur[ied]" at the end of a section with a misleading label).

The court found that it was unnecessary for the Plaintiffs to file a Fifth Amended Complaint for the following reasons:

> The court need not reach the question of whether complete diversity exists in this case because it retains supplemental jurisdiction over the state law claims asserted against Ms. Parkin under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy …." Given the length of time these claims have been pending and the shared factual background between the claims against Ms. Parkin and the claims the court has already heard, the court finds that it would be unduly prejudicial to dismiss the remaining state law causes of action against Ms. Parkin at this stage of the litigation.

(Order, Feb. 13, 2024, ECF No. 344 at 2.)

The court instead granted the Plaintiffs leave to file a corrected Fourth Amended Complaint that would "include the previously-litigated causes of action against the original defendants to clarify that the court's jurisdiction [arose] under 28 U.S.C. §§ 1331 and 1367." (Id. at 2–3.) The Plaintiffs then filed their corrected Fourth Amended Complaint. (ECF No. 345.)

Ms. Parkin has now filed a new motion to compel arbitration. (ECF No. 348.) On first glance, the motion appears meritless—the Tenth Circuit has already determined that the Plaintiffs are not compelled to arbitrate their claims against Ms. Parkin, and the corrected Fourth Amended Complaint is not so different from the Third Amended Complaint to merit another bite at the arbitration apple. But the court need not reach that question because, having carefully considered the relevant caselaw, the court finds that it lacks subject matter jurisdiction to hear the claims against Ms. Parkin.

## ANALYSIS

The Supreme Court has held that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine

jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473–74 (2007). This ruling is consistent with the Tenth Circuit's instruction that an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." Franklin v. Kan. Dep't of Corr., 160 F. App'x 730, 734 (10th Cir. 2005). Recently, the Supreme Court has reiterated that "when the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power." Royal Canin U.S.A., Inc. v Wullschleger, 604 U.S. 22, 33 (2025).

Based on this precedent, the court finds that when the Plaintiffs withdrew their federal claims in their Fourth Amended Complaint, the court thereafter lacked jurisdiction to allow the Plaintiffs to correct that complaint. The Fourth Amended Complaint did not include any federal claims or otherwise provide a basis for the court to exercise jurisdiction.

Even so, the court believed that the Plaintiffs could cure the jurisdictional defect by clarifying that the court originally had federal question jurisdiction in this case and could therefore exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367. Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

But at least one circuit court has rejected this argument. In Boelens v. Redman Homes, Inc., the Fifth Circuit held that the district court no longer had jurisdiction to consider state law breach of warranty claims after the plaintiffs amended their complaint and failed to include certain federal claims that had been alleged in the original complaint: "[W]e conclude that the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction." 759 F.2d 504, 508 (5th Cir. 1985). The Fifth Circuit further rejected the argument that the jurisdictional issue could be cured under § 1653:

6

> In the light of our holding that the amended complaint governs for jurisdictional purposes in a federal question case and our finding that the amended complaint did not plead violations of [federal law], the plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction. Because § 1653 is limited to curing technical defects only, the plaintiffs' motion to amend under that section must be denied.

Id. at 512.

Because the Plaintiffs' Fourth Amended Complaint does reference the allegations (although not the causes of action) in the Third Amended Complaint, it is arguable that the application of § 1653 should yield a different result here. But the circumstances of this case have, at the least, created a jurisdictional quagmire—and any judgment against Ms. Parkin would be susceptible to being overturned as a result.

The court therefore reverses its previous decision to exercise supplemental jurisdiction over the state law claims against Ms. Parkin. Although the court previously found that supplemental jurisdiction was appropriate given the length of time the claims against Ms. Parkin had been pending and the shared factual background with the previous claims in this litigation, the jurisdictional uncertainty persuades the court to apply the general rule: "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims." Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998); see also 28 U.S.C. § 1367(c)(3).

Moreover, the court has closely examined the corrected Fourth Amended Complaint and is uncertain that the claims against Ms. Parkin can be heard without including First American as a party. The corrected Fourth Amended Complaint refers to "Parkin and FATCO" (i.e., First American) throughout many of the causes of action asserted against Ms. Parkin. (See, e.g., Corrected Fourth Am. Compl. ¶¶ 445–53, 503–07.) And although the Plaintiffs argue that the

7

statute of limitations has run for claims against First American in this action (see ECF No. 343 at 3 n.2), there are other cases pending against First American involving similar issues.  See, e.g., Fucci v. Bowser, No. 2:20-cv-4-DBB (currently on appeal).  A judgment against Ms. Parkin may therefore "as a practical matter impair or impede" First American's interest to protect its interest relating to the subject of the action.  Fed. R. Civ. P. 19(a)(B)(i).

For these reasons, the court is concerned that it did not have jurisdiction to allow the Plaintiffs to file a corrected Fourth Amendment Complaint.  Coupled with the court's doubts that it may proceed without First American's participation in the litigation, the court therefore declines to exercise supplemental jurisdiction over the state law claims.

Finally, the court notes that it is not persuaded that the Plaintiffs could otherwise cure the jurisdictional defect through an allegation of diversity jurisdiction.  Although Ms. Parkin is a citizen of Utah and the Plaintiffs have alleged that they are all citizens of other states, both First American and two of the Plaintiffs are citizens of California.  (See ECF No. 341 at 7.)  To the extent that the court may proceed without First American as a party to the litigation, the court is not persuaded that the claims against solely Ms. Parkin—and not against First American—establish the required amount in controversy for diversity jurisdiction.

## ORDER

For the foregoing reasons, the court dismisses this action without prejudice for lack of subject matter jurisdiction.

DATED this 31st day of March, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge